UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRANCLE ENVIEH,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERSON B. SESSIONS, et al.,<br><br>Defendants. | Case No. 5:17-cv-00845-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 9 |

Plaintiff Krancle Envieh, appearing pro se, brings employment discrimination claims arising from his service as an agent in the Federal Bureau of Investigation ("FBI"). Defendants move to dismiss. Defendants' motion will be granted because (1) some of Envieh's claims are time-barred and (2) Envieh has not exhausted his administrative remedies with respect to his remaining claims.

Case No.: 5:17-cv-00845-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
1

## I. BACKGROUND

In 2008, Envieh joined the FBI as a New Agent Trainee in Virginia. Compl. ¶ 9, Dkt. No. 1. From 2009 to September 25, 2015, he worked as a Special Agent in the FBI's field office in Albuquerque, New Mexico. Id. From August 24, 2014 to September 25, 2015, he completed a temporary assignment in Israel. Id. On or about October 17, 2015, he was transferred to the San Jose Resident Agency, which is a satellite office of the FBI's San Francisco Field Office. Id.

On April 18, 2016, Envieh initiated a complaint with the FBI's Office of Equal Employment Opportunity Affairs. Id. ¶ 7. On July 25, 2016, Envieh filed a formal administrative complaint. Gaylord Decl. ¶ 7, Dkt. No. 9-1. He alleges discrimination on the basis of his Iranian origin because he received low performance ratings and denials of transfers, promotions, and temporary duty assignments. Id. The complaint states that the most recent alleged discrimination occurred on July 25, 2016 (the date the complaint was filed), although specific incidents occurred only between 2008 and 2014. Id. Ex. B at 45–57. The complaint alleges that adverse actions have continued "until the present." Id. On August 26, 2016, Envieh sought to add an additional occurrence to his complaint based on the allegation that he was passed over for a promotion on August 23, 2016. Gaylord Decl. ¶ 8. The Equal Employment Specialist assigned to his case recommended that Envieh go through counseling regarding the new incident. Id.

On December 1, 2016, the Department of Justice issued a final decision regarding Envieh's complaint. Gaylord Decl. Ex. A. It dismissed Envieh's claims as untimely because he was required to initiate counseling with the Equal Employment Office ("EEO") within the required 45-day period, but he had waited between two and six years before doing so. Id.

On February 17, 2017, Envieh filed this case. He asserts two causes of action under Title VII of the Civil Rights Act of 1964 for (1) discrimination on the basis of national origin and (2) retaliation. Compl. 46–50. Defendants now move to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Defs.' Mot. to Dismiss ("MTD"), Dkt. No. 9.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Dismissal under Fed. R. Civ. P. 12(b)(1) is appropriate if the complaint fails to allege facts sufficient to establish subject-matter jurisdiction. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). The Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). The nonmoving party bears the burden of establishing jurisdiction. Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010). Pro se pleadings and motions should be construed liberally. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).

### B. Rule 12(b)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III. DISCUSSION

### A. Envieh's earlier claims are time-barred.

A federal employee must timely exhaust administrative remedies before bringing claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16. Lyons v. England, 307 F.3d 1092, 1105 (9th Cir. 2002). The employee "must initiate contact with [an EEO Counselor] within 45 days of the date of the matter alleged to be discriminatory." Id. (citing 29 C.F.R. § 1614.105(a)(1))

The majority of Envieh's allegations relate to events that occurred while he was located in the FBI's Albuquerque field office from 2009 until August 24, 2014. However, Envieh first

Case No.: 5:17-cv-00845-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

3

contacted the FBI's EEO regarding these events on April 18, 2016. Compl. ¶ 7. These claims are therefore untimely because Envieh did not initiate contact with an EEO Counselor within the required 45-day period. Envieh concedes that these claims are untimely, but he argues that the Court may consider them as "background evidence" for his other claims. Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Opp'n") 8, Dkt. No. 16 ("Evidence of earlier discriminatory acts and an employer's knowledge of those acts are admissible as background evidence in support of a timely claim. . . . [E]ven facts alleged outside of the statutory time are properly included in the Complaint because they are useful to provide 'background evidence' for the timely claims.").

Accordingly, with respect to events that occurred while Envieh was assigned to the FBI's Albuquerque field office, Envieh's claims will be dismissed with prejudice because they are untimely.

### B. Envieh has not exhausted administrative remedies as to his later claims.

Envieh also alleges that he was unfairly passed over for a promotion in August 2016. Compl. ¶ 74. He sought to add this event as an additional occurrence to his original EEO complaint. Gaylord Decl. Ex. C. 21–22. Envieh was told that he could not amend his complaint because it was being dismissed for failure to timely initiate EEO contact, and he was instructed to contact an EEO Counselor about the events that occurred in 2016. Gaylord Decl. ¶ 6.

On January 13, 2017, Envieh initiated a second EEO process with respect to the 2016 events. Compl. ¶ 74. That process has not been completed. Before bringing claims in district court, federal employee must exhaust the administrative claims process. Vinieratos v. United States, 939 F.2d 762, 767–68 (9th Cir. 1991) ("Title VII specifically requires a federal employee to exhaust his administrative remedies as a precondition to filing suit."); Bell v. Milburn, No. 16-CV-05902-MMC, 2016 WL 7049032, at *2 (N.D. Cal. Dec. 5, 2016) ("The employee may file suit in district court within '90 days of receipt of final action taken by the department' or 'after one hundred and eighty days from the filing of the initial charge with the department . . . Where the employee files a civil action before the completion of the administrative process, however, the civil action is subject to dismissal without prejudice as premature.") (citing 42 U.S.C. § 2000e-16(c)).

Case No.: 5:17-cv-00845-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
4

Here, Envieh has not completed the administrative process with respect to the August 2016 events. Accordingly, that claim must be dismissed without prejudice because he has not exhausted his administrative remedies.

Envieh also seeks leave to amend his complaint to add allegations of retaliation that occurred after he filed his complaint in this case. Opp'n 4. With respect to those allegations, Envieh filed a written EEO complaint on March 30, 2017. Envieh's request for leave to amend must be denied because he has not exhausted his administrative remedies with respect to the events that occurred in 2017.

## IV. CONCLUSION

Defendants' motion to dismiss is GRANTED. Envieh's claims are dismissed with prejudice with respect to events that occurred while he was located at the FBI's Albuquerque field office. Envieh's remaining claims are dismissed without prejudice. The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: October 12, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-00845-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
5